IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN SAMUEL MIZERAK, JR.,

      Plaintiffs,                          No. CIV S-07-1363 GEB KJM P

    vs.

DEPUTY KENDRICKS, et al.,

      Defendants.                       ORDER

_____/

        Plaintiffs are prisoners proceeding pro se with a civil rights action under 42 U.S.C. § 1983.

        This court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

        In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in

address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Accordingly, the court will order that plaintiffs' claims be severed. Plaintiff Mizerak will proceed in this action, while the other plaintiffs will proceed in separate civil actions to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new actions to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Each plaintiff will be given thirty days to file, in his own action, an amended complaint and a new application for leave to proceed in forma pauperis, using the forms provided by the court with this order. Each plaintiff is cautioned that if an individual action proceeds further it is probable that each plaintiff will incur a liability in the amount of the $350.00 filing fee, which amount will be collected from the inmate's prison trust account.[1] See 28 U.S.C. § 1915(b).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The claims of plaintiffs Stackpole, Gordon, Hedrington, Decker, Williams, Johnson, Bartholomew and Vaughn are severed from the claims of plaintiff Mizerak.

2. Plaintiff Mizerak shall proceed as the sole plaintiff in case No. CIV S-07-1363.

3. The Clerk of the Court is directed to:

    a. Open eight separate civil actions for plaintiffs Stackpole, Gordon, Hedrington, Decker, Williams, Johnson, Bartholomew and Vaughn;

---

[1] See Information to Prisoners Seeking Leave to Proceed with a Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915.

    b. Assign each action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in each of the files opened for the plaintiffs listed in number 3a above;

    d. Place a copy of the complaint filed July 11, 2008, in each of the 8 files opened for the plaintiffs listed in number 3a above;

    e. Strike from the caption of each plaintiff's complaint all plaintiffs' names except the name of the individual plaintiff proceeding in the action; and

    f. Send each plaintiff an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action.

  4. Each plaintiff's complaint is dismissed.

  5. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983 and a new Application to Proceed In Forma Pauperis By a Prisoner.

  6. Each plaintiff is granted thirty days from the date of service of this order to file an amended complaint and a new application to proceed in forma pauperis, using the forms provided by the court with this order. Each plaintiff's documents must bear the docket number assigned to his own individual case, and each complaint must be labeled "Amended Complaint." Each plaintiff must file an original and two copies of his amended complaint. Failure to file an amended complaint or a new application to proceed in forma pauperis in accordance with this order will result in a recommendation that the plaintiff's action be dismissed.

DATED: November 3, 2008.

*[signature]*
U.S. MAGISTRATE JUDGE

1/mize1363.2(7.11.07)